**\*E-FILED 08-19-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLARENCE CHAN, | No. C10-02528 HRL |
| Plaintiff, | **ORDER CONTINUING INITIAL CASE MANAGEMENT CONFERENCE** |
| v. | |
| EMPIRE FIRE & MARINE INSURANCE COMPANY; ZC STERLING INSURANCE AGENCY; ZURICH; and DOES 1-100, | |
| Defendants. | |

This matter is set for an initial case management conference on August 24, 2010. However, the court is informed that plaintiff failed to participate in the filing of a Joint Case Management Statement as required by Civil Local Rule 16-9. Additionally, the parties have not yet consented or declined to proceed before a United States Magistrate Judge as required by Civil Local Rule 73-1.

Accordingly, the initial case management conference is **continued to August 31, 2010, 1:30 p.m.** Plaintiff shall file a separate Joint Case Management Statement no later than **August 24, 2010**. Failure to timely file that statement may result in sanctions and, possibly, an order to show cause why the case should not be dismissed for failure to prosecute the action. Additionally, **no later than August 24, 2010**, each party shall file either a consent or declination to proceed before a United States Magistrate Judge. The forms are available from

1  the Clerk of the Court and on the court's website at www.cand.uscourts.gov.

2  Further, upon review of the defendants' initial disclosures, which were submitted to this
3  court as part of their case management statement, this court has questions as to the existence of
4  diversity jurisdiction—the only basis for federal subject matter jurisdiction asserted by
5  defendants upon removal of this action from state court.  Defendants acknowledge that
6  defendant Sterling National Insurance Agency (Sterling)[1] is a California citizen (as is plaintiff).
7  They nevertheless maintain that Sterling is a "sham" defendant as to whom no liability could be
8  established because Sterling reportedly is not a party to the insurance contract at issue.
9  Defendants' initial disclosures, however, indicate that the adjusters with responsibility for the
10 claim in question are employed by Sterling.  Accordingly, at the case management conference,
11 defendants shall be prepared to discuss the court's federal subject matter jurisdiction, and
12 specifically, the potential liability, if any, of defendant Sterling, as an apparent agent of
13 plaintiff's insurers.

14 SO ORDERED.

15 Dated:   August 19, 2010

17 HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

---

[1] Sterling says that it was erroneously sued as "ZC Sterling Insurance Agency."

1  5:10-cv-02528-HRL Notice has been electronically mailed to:

2  Elaine I. Videa    evidea@bishop-barry.com

3  Jonathan Gross    jgross@bishop-barry.com, kmcandrews@bishop-barry.com

4  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

6  5:10-cv-02528-HRL Notice mailed to:

7  Clarence Chan
3195 Alexis Drive
8  Palo Alto, CA 94303

9       Pro Se Plaintiff