**\*E-FILED 01-11-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLARENCE CHAN, | No. C10-02528 JW (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL INITIAL DISCLOSURES AND DISCOVERY** |
| v. | |
| EMPIRE FIRE & MARINE INSURANCE COMPANY; ZC STERLING INSURANCE AGENCY, INC.; ZURICH; and DOES 1-100, | [Re: Docket No. 19] |
| Defendants. | |

This action arises from the burglary of plaintiff Clarence Chan's home. His claim for insurance benefits was denied. Chan, who is proceeding pro se, sues for alleged bad faith breach of his insurance policy. Defendants contend that plaintiff's claim properly was denied because Chan refused repeated requests for information about his claimed losses.

Before this court is defendants' motion for an order (a) compelling plaintiff to provide his Fed. R. Civ .P. 26 initial disclosures; (b) compelling plaintiff to respond, without objection, to their interrogatories and document requests; and (c) deeming admitted matters in defendants' requests for admission. The docket indicates that defendants' motion was duly served on plaintiff at his address of record. Plaintiff failed to file any opposition to the motion, as required by Civil Local Rule 7-3. He did appear for the January 11, 2011 motion hearing, at which time defense counsel advised that several weeks ago, Chan produced a box of documents. Included

1  in the box was a document that apparently contain his responses to defendant's requests for
2  production, interrogatories and requests for admission (albeit, the responses themselves are
3  titled "Declaration of Defendant Clarence Chan in Opposition to Motion for Summary
4  Judgment" and the document erroneously is captioned for the Santa Clara County Superior
5  Court).

6  As a threshold matter, <u>Chan is advised that the fact that he is proceeding pro se does not
7  excuse him from complying with rules that all litigants are obliged to follow</u>. *See King v.*
8  *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (finding that pro per litigants must follow the same
9  procedural rules as represented parties). And, there is a limit to the number of procedural
10 missteps that this court fairly can countenance. Chan is well-advised to obtain a copy of the
11 court's Handbook for Litigants Without a Lawyer (available at the Clerk's Office and on the
12 court's website at www.cand.uscourts.gov). He may also wish to avail himself of services
13 available at the Federal Legal Assistance Self-Help Center at the San Jose Courthouse.

14 With respect to defendants' motion to compel Chan's initial disclosures, Rule 26(a)(1)
15 of the Federal Rules of Civil Procedure provides that, except as otherwise stipulated or ordered
16 by the court, a party must—without waiting for a discovery request—provide certain
17 information about witnesses, documents, damage computations, and liability insurance. The
18 exceptions to the mandatory initial disclosure requirement do not apply here. *See* FED. R. CIV.
19 P. 26(a)(1)(B). Defendants say that they conferred with plaintiff about his requisite disclosures
20 in August 2010. And, the record presented indicates that plaintiff's initial disclosures are
21 months overdue. Chan stated to this court that he will serve his disclosures on defendants this
22 week. Accordingly, defendants' motion to compel Chan's initial disclosures is granted. Chan
23 shall serve his Fed. R. Civ. P. 26 initial disclosures on defendant no later than **January 14,**
24 **2011**.

25 As for defendants' motion to compel Chan's responses to their requests for production
26 and interrogatories, this court will, in its discretion, deem the motion moot in view of Chan's
27 responses served in December 2010. For future reference, however, Chan is advised that the
28 failure to timely respond to a discovery request constitutes a waiver of all objections. *See*

1 *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir.1992). Although courts have broad discretion to grant relief from any waiver, *see Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D. D.C. 1999), Chan must offer more than his pro se status to establish good cause for such relief. And, it is expected that Chan will apprise himself of applicable deadlines on any future discovery requests defendants may serve.

As for defendants' requests for admission (RFAs), there is no dispute that Chan's responses were well overdue. When a party fails to timely respond to RFAs, the matters requested are automatically deemed admitted. *See* FED. R. CIV. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). As discussed at the motion hearing, this court will, in its discretion, relieve Chan from the automatic admission of those matters in this particular instance. On any future requests, however, Chan is well advised to serve his responses within the time set out in the Federal Rules of Civil Procedure.

Finally, at oral argument, defendants stated that they believe Chan's discovery responses are deficient. As defendants acknowledged, however, the sufficiency (or not) of Chan's responses are not before this court on the instant motion. The parties are directed to meet-and-confer in person, and in good faith, in an effort to resolve any disputes about Chan's responses before seeking judicial intervention. CIV. L.R. 37-1. If they cannot agree on a suitable meeting place, the in-person meet-and-confer negotiations shall take place at a location half-way between defense counsel's and plaintiff's respective locations.

SO ORDERED.

Dated: January 11, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

1  5:10-cv-02528-JW Notice has been electronically mailed to:

2  Elaine I. Videa    evidea@bishop-barry.com

3  Jonathan Gross    jgross@bishop-barry.com, kmcandrews@bishop-barry.com

4  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

6  5:10-cv-02528-JW Notice mailed to:

7  Clarence Chan
   3195 Alexis Drive
8  Palo Alto, CA 94303

9           Pro Se Plaintiff

**United States District Court**
For the Northern District of California

4