Jonathan Gross, SBN: 122010
jgross@bishop-barry.com
Elaine Videa, SBN: 216718
evidea@bishop-barry.com
BISHOP | BARRY | DRATH
2000 Powell Street, Suite 1425
Emeryville, California 94608
Telephone: (510) 596-0888
Facsimile: (510) 596-0899

*Attorneys for Defendants*
EMPIRE FIRE AND MARINE INSURANCE COMPANY (erroneously sued herein as EMPIRE FIRE & MARINE INSURANCE COMPANY) and STERLING NATIONAL INSURANCE AGENCY, INC. (formerly known as ZC STERLING INSURANCE AGENCY, INC.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| | |
|---|---|
| CLARENCE CHAN, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>EMPIRE FIRE & MARINE INSURANCE COMPANY, an unknown business entity, ZC STERLING INSURANCE AGENCY, INC., a corporation; ZURICH, an unknown entity; and Does 1-100, inclusive,<br><br>Defendant(s). | **Case No.: C10-02528-EJD**<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT IN FAVOR OF EMPIRE FIRE AND MARINE INSURANCE COMPANY (erroneously sued herein as EMPIRE FIRE & MARINE INSURANCE COMPANY)**<br><br>Date: November 4, 2011<br>Time: 9:00 a.m.<br>Dept: 1<br>Judge: Hon. Edward Davila<br>Trial Date: None<br>Complaint Filed: February 3, 2010 |

PLEASE TAKE NOTICE that on Friday, November 4, 2011, at 9:00 a.m., or as soon as this matter can be heard before the Honorable Edward Davila, in Courtroom 8 of the United States District Court, Northern District, located at 280 South First Street, San Jose, CA, 95113, Defendants EMPIRE FIRE AND MARINE INSURANCE COMPANY (erroneously sued herein as EMPIRE FIRE & MARINE INSURANCE COMPANY) ("Empire Fire") will and hereby moves the Court pursuant to Federal Rule of Civil Procedure 56, and Local Rule 56, and other relevant law and authority for an order:

1. Granting summary judgment against Plaintiff Clarence Chan ("Mr. Chan") and in



BISHOP | BARRY | DRATH
2000 Powell Street Suite 1425
Emeryville, California 94608
Tel. No. (510) 596-0888
Fax No. (510) 596-0899

favor of Defendant Empire Fire on the grounds that Mr. Chan failed to comply with the terms and conditions of the Empire Fire insurance policy, including the obligation to submit to an examination under oath. Mr. Chan's compliance with this policy requirement is a prerequisite to the right to receive insurance benefits under the Policy. Mr. Chan's failure to complete the examination under oath and his refusal to provide Empire Fire with the documents and/or information requested in Empire Fire's letters constitutes a breach of his duties under the terms and conditions of the Policy. Accordingly, Mr. Chan is not entitled to benefits under the Policy and his cause of action for bad faith breach of contract has no merit.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**


I. INTRODUCTION .......... 4

II. FACTUAL BACKGROUND .......... 5

A. FACTS GIVING RISE TO THE INSURANCE CLAIM .......... 5

B. THE POLICY VESTS EMPIRE FIRE WITH THE RIGHT TO TAKE MR. CHAN'S EUO .......... 5

C. MR. CHAN HAS REFUSED TO SCHEDULE, APPEAR FOR AND COMPLETE AN EUO AND HAS FAILED TO PROVIDE REQUESTED DOCUMENTS .......... 6

III. LEGAL ARGUMENT .......... 14

A. THE STANDARD FOR SUMMARY JUDGMENT UNDER CALIFORNIA LAW .......... 14

B. MR. CHAN'S REPEATED FAILURE TO RESPOND TO REQUESTS TO SCHEDULE, APPEAR FOR, AND COMPLETE AN EUO DICTATES THAT SUMMARY JUDGMENT BE GRANTED .......... 14

C. IN THE ABSENCE OF POLICY BENEFITS OWED, MR. CHAN CANNOT MAINTAIN A BAD FAITH ACTION .......... 19

IV. CONCLUSION .......... 20


BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

# TABLE OF AUTHORITIES

CASES

*Amadeo v. Principal Mut. Life Ins. Co.*
(9th Cir. (Cal.) 2002) 290 F.3d 1152 .......... 20

*Brizuela v. Calfarm Ins. Co.*
(2004) 116 Cal.App.4th 578 .......... passim

*California Fair Plan Assn. v. Superior Court*
(2004) 115 Cal.App.4th 158 .......... 16, 17, 19

*Celotex v. Catrett*
477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) .......... 14

*Cook v. Allstate Ins. Co.*
(C.D.Cal. 2004) 337 F.Supp.2d 1206 .......... 17, 19, 20

*Hickman v. London Assurance Corp.*
(1920) 184 Cal. 52 .......... 17, 18

*In re National Western Life Ins. Deferred Annuities Litigation*
(S.D.Cal. 2006) 467 F.Supp.2d 1071 .......... 20

*Love v. Fire Ins. Exch.*
(1990) 221 Cal.App.3d 1136 .......... 19

*Pepper Industries, Inc. v. Home Ins. Co.*
(1977) 67 Cal.App.3d 1012 .......... 14

*Smith v. Pac. Bell Tel. Co.*
(2009) 662 F.Supp.2d 1199 .......... 13

*Waller v. Truck Ins. Exch., Inc.*
(1995) 11 Cal.4th 1 .......... 19

STATUTES

California Insurance Code §2071 .......... 6, 18

Federal Rules of Civil Procedure 36(a)(3) .......... 13

Federal Rules of Civil Procedure 56(a) .......... 14

TREATISES

Croskey, Kaufman, et al., Cal. Prac. Guide: Insurance Litigation (Rutter 2006), ¶ 6:71 .......... 14

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

## I. INTRODUCTION

This insurance coverage dispute arises from an alleged burglary of Mr. Chan's home. Mr. Chan claims that approximately $90,000.00 worth of items of personal property were stolen and he made an insurance claim under Empire Fire's policy. Under the terms and conditions of the policy, Empire Fire has a contractual right to take Mr. Chan's examination under oath ("EUO") to obtain the necessary information and documentation regarding his approximately $90,000.00 claim. Mr. Chan's compliance with this requirement is a condition precedent to obtaining policy benefits.

Mr. Chan refused to respond to numerous EUO scheduling requests and he failed to attend scheduled EUOs. Thus, Mr. Chan has not complied with the policy's EUO requirement. Mr. Chan's failure to submit to an EUO to provide corroboration for the items of personal property has deprived Empire Fire of the information necessary to properly evaluate various portions of Mr. Chan's claims. From October 2007 through January 2009 Empire Fire repeatedly attempted to undertake Mr. Chan's EUO. After repeated efforts by Empire Fire to schedule Mr. Chan's EUO, Mr. Chan's EUO was scheduled to take place on four different occasions: November 7, 2007, April 23, 2008, August 5, 2008, and January 5, 2009. He left the first session after a couple of hours and refused to answer questions regarding his claim. During the second session he was again reluctant to answer questions and the EUO was adjourned early by mutual agreement. Mr. Chan failed to appear at the next two sessions.

California law provides that an insured's submission to an EUO is a condition precedent to obtaining policy benefits. Where an insured refuses to appear for an EUO, he is precluded from obtaining policy benefits and the insurer is entitled to summary judgment. Defendant Empire Fire moves for summary judgment against Mr. Chan on the grounds that Mr. Chan has repeatedly refused to schedule and appear for an EUO and has failed to produce the necessary documents to evaluate his insurance claim.

Mr. Chan's failure to comply with this contractual precedent precludes the right to policy benefits and subjects any claim by Mr. Chan for breach of contract to summary judgment in Defendant Empire Fire's favor. Similarly, because a bad faith claim is predicated on the

improper denial of policy benefits, Mr. Chan's failure to comply with the requirement that he appear for an EUO precluded the right to policy benefits and in turn bars the claim for bad faith breach of contract.

## II. FACTUAL BACKGROUND

### A. FACTS GIVING RISE TO THE INSURANCE CLAIM

Empire Fire issued Homeowner's Policy ZHO169746-1 (the "Policy") to Mr. Chan for Mr. Chan's home at 8308 Jo Marcy Drive, Las Vegas, NV 89131. *(See Declaration of Erik A. Sikorski at ¶4, and Exhibit 1 thereto.)* Although the house was in Nevada, the Policy was issued to Mr. Chan in California. *(Id. at ¶5).* On or about May 7, 2007, the house was allegedly burglarized, and Mr. Chan made an insurance claim for allegedly stolen property. *(Id. at ¶8).*

Based on the initial investigation, Empire Fire advanced almost $10,000.00 to Mr. Chan, but Mr. Chan claimed additional losses of property amounting to approximately $90,000.00. *(Id. at ¶8).* Mr. Chan has provided no evidence corroborating the existence of the vast majority of items which he claimed were stolen. Indeed, the necessity of conducting Mr. Chan's EUO has been underscored by Mr. Chan's inability to corroborate the approximately $90,000.00 worth of alleged items of personal property in the residence at the time of the alleged burglary. *(See Declaration of Robert Torio at ¶3).* Thus, Empire Fire had justifiable concerns about the claim that made the EUO necessary.

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

### B. THE POLICY VESTS EMPIRE FIRE WITH THE RIGHT TO TAKE MR. CHAN'S EUO

The Policy's **COMMON POLICY** CONDITIONS provide in part:

> B. Duties After Loss
>
> In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:
>
> …
>
> 5. Cooperate with us in the investigation of a claim;
>
> 6. Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. **<u>Attach all bills, receipts, and related documents that justify the figures in the inventory</u>**; [Emphasis Added].

7. As often as we reasonably require:

a. Show the damaged property

b. **<u>Provide us with records and documents</u>** we request and permit us to make copies; and [Emphasis Added].

c. **<u>Submit to an examination under oath</u>**, while not in the presence of another "insured", and sign the same; [Emphasis Added].

*(See Declaration of Erik A. Sikorski at ¶8, and Exhibit 1 thereto.)* The sections quoted above give Empire Fire the contractual right to:

1) Demand corroboration for each item in the inventory of lost personal property;

2) Demand records and documents from the insured regarding the claim; and

3) Question the insured at an EUO about the claim. *(Id. at ¶9.)*

This provision is consistent with California Insurance Code §2071, which mandates that property insurance policies include a provision allowing an insurer to require such examinations: "[t]he insured, as often as may be reasonably required, shall … submit to examinations under oath by any person named by this company, and subscribe the same …" Thus, the Policy and California Statute imposes on the Insured the duty to submit to an EUO.

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

## C. MR. CHAN HAS REFUSED TO SCHEDULE, APPEAR FOR AND COMPLETE AN EUO AND HAS FAILED TO PROVIDE REQUESTED DOCUMENTS

Empire Fire's first request to Mr. Chan to take his EUO occurred on October 30, 2007. In a letter, Empire Fire requested that Mr. Chan appear for an EUO on November 7, 2007 about the topics that were the subject of his claim. *(See Exhibit 3 to the Declaration of Elaine Videa).* Mr. Chan appeared at the EUO; however, at the lunch break, Mr. Chan said that he would not return after lunch.

Q. Okay. It's time for a lunch break, if you'd like to break for lunch, so why don't we do that.
A. Yeah. I'm done, though. I'm not coming back.
Q. You're not coming back?
A. Not coming back. We're done.

*(See November 7, 2007, EUO attached to Declaration of Elaine Videa as Exhibit 4* at 106:9-15).

Empire Fire notified Mr. Chan that his failure to complete the EUO would have adverse effects on his claim. *(Id. at* 9:24-10:6; 106:9-15; 106:20-107:6*)*. After the lunch break, counsel for Empire Fire waited for Mr. Chan but he did not return to the EUO. (*Id.* at 109:12-110:2)

In addition, Mr. Chan failed to produce the documents necessary to evaluate his claim. In Empire Fire's October 30, 2007 letter requesting the EUO, Empire Fire outlined a series of documents that Mr. Chan was to bring to the EUO in order for Empire Fire to evaluate the claim. *(See Exhibit 3 to Declaration of Elaine Videa)* Mr. Chan refused to provide Empire Fire with a majority of such requested documentation:

Q. And with regard to the documents that are requested on page four, have you brought any documents here today?
A. No.
Q. And is there a reason why?
A. It's not pertinent. I mean, tax returns, personal records, all none of your business.

*(See relevant excerpts of testimony in November 7, 2007, EUO attached to Declaration of Elaine Videa as Exhibit 4 at 12:3-9).*

Q. The next request is for any and all records, personal or business records, reflecting any gambling winnings and losses for 2004, 2005, 2006, including but not limited to Schedule C's, Form W2-G, Form 1040, Form 1040 Schedule A.
A. No.
Q. When you say no, is that -- is the reason that you're declining to produce this information, or because you don't have it, or –
A. No; because I'm not giving it to you.

(*Id.* at 21:11-20).

Q. Okay. The next request is any and all records reflecting any gambling winnings and losses.
A. No; not giving that to you either.

(*Id.* at 21:21-23).

Q. Okay. The next request is personal ledgers or records reflecting your income for 2004, 2005 and 2006.
A. Same
Q. You're refusing to give that information also; correct?
A. Sure. Put it any way you want.
Q. And I don't mean to harass you - But you haven't produced anything here today; correct?

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

A. No.
Q. Your personal banks statements from January 2005 to May 2007?
A. No.
Q. And no means that -- why don't you go ahead and tell me what no means.
A. No means you're not getting it.

(*Id.* at 21:24-22:5; 22:21-23; 23:10-15).

Even before Mr. Chan terminated the EUO, he was uncooperative and refused to answer questions:

Q. When did you start working for Bare Speed?
A. 2005.
Q. Do you currently have the same position now with Bare Speed that you had when you started working for Bare Speed?
A. Yes.
Q. And what is your position?
A. You know, let's just move on. Next question.
Q. So I take it you're not going to answer any questions about your employment with Bare Speed?
A. No.

(*Id.* at 32:10-21).

Q. Can you tell me how you're compensated by your current employment?
A. You know, I'm not answering any questions with regards to my employment or history.
Q. Okay. Let's see. You mentioned earlier your current address is -- let's see -- the residential address is at 3195 Alexis Drive –
A. That is correct.
Q. -- Palo Alto. How long have you been living there?
A. Doesn't directly relate. I'm not answering your question.

(*Id.* at 32:22-33:9).

Q. But it is important to get some background because we're trying to gather information about items, and it seems to be that there's a vacuum where we have no information, and so I'm trying to get what information we can. With regard to the sale to Empire Tech, was it for a significant amount of money? I realize you probably can't tell me the exact amount, but was it significant?
A. I think what I said to you -- the answer was no -- actually, I meant it, so you can just leave it as no. I mean no, I'm not answering your question. That's the no.

(*Id.* at 30:10-22).

Although Mr. Chan walked out of the initial EUO, Empire Fire made a second attempt to give Mr. Chan an opportunity to continue with his EUO. On November 21, 2007, Empire Fire

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

wrote to Mr. Chan seeking available dates for the continuation of his EUO and also seeking documents Mr. Chan had agreed to produce at the November 7, 2007 EUO. *(See letter attached to Declaration of Elaine Videa as Exhibit 5).*

Mr. Chan did not respond to Empire Fire's November 21, 2007 letter. *(See letter attached to Declaration of Elaine Videa as Exhibit 6).* Not having received a response, Empire Fire made a further attempt to schedule the EUO. On December 18, 2007, Empire Fire once again attempted to schedule the EUO, this time for January 3, 2008. *Id.*

On or about January 2, 2008, Empire Fire's counsel received a telephone call from counsel for Mr. Chan, Mr. Paul J. Smoot, notifying Empire Fire of his representation of Mr. Chan on the claim. *(See letter attached to Declaration of Elaine Videa as Exhibit 7; See letter attached to Declaration of Elaine Videa as Exhibit 8; See relevant excerpts of* Paul *Smoot Deposition, 29:19-30:11 attached to Declaration of Elaine Videa as Exhibit 25).*

BISHOP | BARRY | DRATH
2000 Powell Street Suite 1425
Emeryville, California 94608
Tel. No. (510) 596-0888
Fax No. (510) 596-0899

At that time, Mr. Smoot requested that Empire Fire reschedule the EUO for a more convenient date. *(See letter attached to Declaration of Elaine Videa as Exhibit 8; See relevant excerpts of Paul Smoot Deposition, 30:12-31:5 attached to Declaration of Elaine Videa as Exhibit 25).* Empire Fire's counsel agreed to reschedule the EUO. *(See letter attached to Declaration of Elaine Videa as Exhibit 8; See relevant excerpts of Paul Smoot Deposition, 29:19-30:11 attached to Declaration of Elaine Videa as Exhibit 25).*

Empire Fire continued its efforts to reschedule Mr. Chan's EUO by communicating with Mr. Chan's counsel. On January 16, 2008, Empire Fire wrote a letter to Mr. Smoot asking that Mr. Chan provide the previously requested documentation necessary to evaluate the claim and Empire Fire sought available dates from Mr. Chan to schedule the continuation of the EUO. *(See letter attached to Declaration of Elaine Videa as Exhibit 8; See relevant excerpts of Paul Smoot Deposition, 30:12-22 attached to Declaration of Elaine Videa as Exhibit 25).* Mr. Smoot did not respond to Empire Fire's January 16, 2008 letter. *(See letter attached to Declaration of Elaine Videa as Exhibit 9; See relevant excerpts of Paul Smoot Deposition, 34:19-35:12 attached to Declaration of Elaine Videa as Exhibit 25).*

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

Empire Fire's efforts to reschedule the EUO continued and on February 5, 2008 Empire Fire once again wrote to Mr. Smoot seeking the requested documentation and rescheduling the EUO for February 19, 2008. *(See letter attached to Declaration of Elaine Videa as Exhibit 9; See relevant excerpts of Paul Smoot Deposition, 35:13-17 attached to Declaration of Elaine Videa as Exhibit 25).* On February 6, 2008, Mr. Smoot notified Empire Fire that Mr. Chan was unavailable on February 19, 2008. *(See letter attached to Declaration of Elaine Videa as Exhibit 11; See Transcribed Message attached to the Declaration of Elaine Videa as Exhibit 10; See relevant excerpts of Paul Smoot Deposition, 35:22-36:2 attached to Declaration of Elaine Videa as Exhibit 25).*

On February 19, 2008 Empire Fire once again wrote to Mr. Smoot's office seeking to reschedule the EUO. There was no response to this letter. *(See letter attached to Declaration of Elaine Videa as Exhibit 11; See letter attached to Declaration of Elaine Videa as Exhibit 12; See relevant excerpts of Paul Smoot Deposition, 37:4-23 attached to Declaration of Elaine Videa as Exhibit 25).*

On March 10, 2008, Empire Fire wrote again to Mr. Smoot seeking available dates for the continuation of the EUO. *(See letter attached to Declaration of Elaine Videa as Exhibit 12; See relevant excerpts of Paul Smoot Deposition, 38:13-24 attached to Declaration of Elaine Videa as Exhibit 25).*

It was not until March 31, 2008 that counsel for Empire Fire and Mr. Smoot agreed to reschedule the EUO for April 23, 2008. *(See letter attached to Declaration of Elaine Videa as Exhibit 13; See relevant excerpts of Paul Smoot Deposition, 40:13-23 attached to Declaration of Elaine Videa as Exhibit 25).* On April 1, 2008, Empire Fire wrote to Mr. Smoot confirming that the next EUO session was scheduled for April 23, 2008 and that Mr. Chan would be providing documents necessary to evaluate the claim. *(See letter attached to Declaration of Elaine Videa as Exhibit 13; See relevant excerpts of Paul Smoot Deposition, 49:19-25 attached to Declaration of Elaine Videa as Exhibit 25).*

Although Mr. Chan's EUO started as scheduled on April 23, 2008 Mr. Chan continued to obstruct the examination. During the majority of this second session, Mr. Chan was reluctant to

answer questions regarding the source of cash he claimed he used to buy many items. *(See relevant excerpts of testimony in April 23, 2008, EUO attached to Declaration of Elaine Videa as Exhibit 14 at 190:7-191:2).* Thus, the April 23, 2008 session was adjourned early so that counsel for Mr. Chan could arrange for providing Empire Fire with the information requested. *(Id. at 197:15-198:6)*

Empire Fire continued in its efforts to obtain the necessary information to evaluate Mr. Chan's claim via documentation or an EUO, but there was no response to Empire Fire's communications. On May 19, 2008, Empire Fire wrote to Mr. Smoot regarding the completion of Mr. Chan's EUO. *(See letter attached to Declaration of Elaine Videa as Exhibit 15; See relevant excerpts of Paul Smoot Deposition, 56:22-25 attached to Declaration of Elaine Videa as Exhibit 25).* On May 23, 2008, Empire Fire again wrote to Mr. Smoot seeking earliest available dates for the continuation of the EUO. There was no response to this letter. *(See letter attached to Declaration of Elaine Videa as Exhibit 16; See letter attached to Declaration of Elaine Videa as Exhibit 17; See relevant excerpts of Paul Smoot Deposition, 57:5-8 attached to Declaration of Elaine Videa as Exhibit 25).*

On June 12, 2008, Empire Fire once again wrote to Mr. Smoot seeking to reschedule the EUO. There was no response to this letter. *(See letter attached to Declaration of Elaine Videa as Exhibit 17; See relevant excerpts of Paul Smoot Deposition, at 57:14-17 attached to Declaration of Elaine Videa as Exhibit 25).*

Not having received any response to its letters, on or about July 11, 2008, Empire Fire scheduled another session for August 5, 2008. *(See letter attached to Declaration of Elaine Videa as Exhibit 18; See relevant excerpts of Paul Smoot Deposition, 58:16-19 attached to Declaration of Elaine Videa as Exhibit 25).*

The morning of August 5, 2008 counsel for Empire Fire received a telephone call from Mr. Smoot's office canceling the EUO. *(See letter attached to Declaration of Elaine Videa as Exhibit 19; See relevant excerpts of Paul Smoot Deposition, 61:15-22 attached to Declaration of Elaine Videa as Exhibit 25).* This same day, August 5, 2008 Empire Fire wrote a letter to Mr. Smoot confirming that he had cancelled the EUO. *(See letter attached to Declaration of Elaine*

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

*Videa as Exhibit 19).* Empire Fire again advised in this letter that Mr. Chan's decision not to attend the EUO could have adverse consequences for his insurance claim, including but not limited to a denial of the claim. *Id.*

On October 7, 2008, Mr. Smoot wrote a letter stating that the August 5, 2008 EUO had been cancelled because Mr. Chan was not feeling well and Mr. Smoot stated that any date after November 7, 2008 would be appropriate for a continuance of the EUO. *(See letter attached to Declaration of Elaine Videa as Exhibit 20; See relevant excerpts of Paul Smoot Deposition, 63:21-64:12 attached to Declaration of Elaine Videa as Exhibit 25).*

Empire Fire's efforts continued even after Mr. Chan cancelled his August 5, 2008 EUO. On October 21, 2008, Empire Fire wrote a letter to Mr. Smoot asking for information regarding Mr. Chan's claim. There was no response to this letter. *(See letter attached to Declaration of Elaine Videa as Exhibit 21; See letter attached to Declaration of Elaine Videa as Exhibit 22; See relevant excerpts of Paul Smoot Deposition, 85:13-16 attached to Declaration of Elaine Videa as Exhibit 25).*

Empire Fire wrote to Mr. Smoot once again on October 30, 2008 seeking to discuss this matter, but there was no response to this letter. *(See letter attached to Declaration of Elaine Videa as Exhibit 22; See relevant excerpts of Paul Smoot Deposition, 86:17-87:8 attached to Declaration of Elaine Videa as Exhibit 25).*

Empire Fire again wrote to Mr. Smoot on November 19, 2008, but there was no response by Mr. Smoot to the letter. *(See letter attached to Declaration of Elaine Videa as Exhibit 23; See relevant excerpts of Paul Smoot Deposition, 87:10-12 attached to Declaration of Elaine Videa as Exhibit 25).*

Not having received any response to its letters, Empire Fire again scheduled another EUO session. On December 15, 2008, Empire Fire scheduled another session of the EUO for January 5, 2009. Counsel for Empire Fire appeared at the EUO in San Mateo but there was no appearance by Mr. Smoot or Mr. Chan. *(See letter attached to Declaration of Elaine Videa as Exhibit 24; See relevant excerpts of Paul Smoot Deposition, 91:2-5 attached to Declaration of Elaine Videa*

BISHOP | BARRY | DRATH
2000 Powell Street Suite 1425
Emeryville, California 94608
Tel. No. (510) 596-0888
Fax No. (510) 596-0899

*as Exhibit 25).* No communication from Mr. Smoot or Mr. Chan was received by Empire Fire regarding the January 5, 2009 EUO. *(See Declaration of Elaine Videa ¶28).*

Mr. Chan admits to having failed to provide Empire Fire with the documents requested, including but not limited to:

- failed to provide his 2004-2006 tax returns
- failed to provide documents reflecting gambling winnings or losses
- failed to provide personal bank statements
- failed to provide credit card statements, and
- failed to provide documents regarding property damage to the alleged residence. *(See Empire Fire's Requests for Admission to Mr. Chan attached to Declaration of Elaine Videa declaration as Exhibit 26).*[1]

In addition, Mr. Chan admits that he:

- failed to complete his EUO as requested by Empire Fire
- failed to return to the November 7, 2007 EUO after the lunch break, and
- failed to answer questions regarding the source of cash he claimed was used to buy various items during the April 23, 2008 EUO. *Id.*

Empire Fire spent over a year trying to schedule Mr. Chan's EUO and related documents without any cooperation from Mr. Chan. On February 6, 2009 Joycelyn Stewart, Adjuster for Sterling National Insurance Agency, Inc., f/k/a ZC Sterling Insurance Agency, Inc., the Program Manager for Empire Fire, wrote a letter to Mr. Smoot denying Mr. Chan's claim. *(See Declaration of Erik A. Sikorski at ¶9, and Exhibit 2 thereto.)* Empire denied the claim because Mr. Chan did not complete his EUO and failed to produce requested, relevant documentation as required under Empire Fire's insurance policy. *(Id. at ¶9, and Exhibit 2 thereto).*

---

[1] Mr. Chan failed to respond to these requests and are thus deemed admitted. Under FRCP 36(a)(3), failure to timely respond to Requests for Admission results in an automatic admission of the matters requested. *Smith v. Pac. Bell Tel. Co.*, 662 F. Supp. 2d 1199, 1229 (2009).

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

## III. LEGAL ARGUMENT

### A. THE STANDARD FOR SUMMARY JUDGMENT UNDER CALIFORNIA LAW

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In this regard, California law recognizes summary judgment as a means of resolving insurance coverage disputes. *Pepper Industries, Inc. v. Home Ins. Co.* (1977) 67 Cal.App.3d 1012, 1017 ("Summary judgment is an appropriate vehicle to determine coverage under an insurance policy when it appears there is no material issue of fact to be tried and the sole issue before the court is one of law.") *Id.*

It is undisputed that Mr. Chan failed to appear to complete his EUO. Mr. Chan initially appeared for his EUO on November 7, 2007 but unilaterally terminated it at lunch. He appeared on April 23, 2008, for a second session which was adjourned early when he was reluctant to answer questions. Therefore, Mr. Chan was non-responsive and failed to appear at the next two sessions scheduled for August 5, 2008 and January 5, 2009. Mr. Chan's failure to comply with the policy's requirement for an EUO vitiates coverage and means that Empire Fire is entitled to summary judgment as to the cause of action for breach of contract and/or bad faith breach of contract.

### B. MR. CHAN'S REPEATED FAILURE TO RESPOND TO REQUESTS TO SCHEDULE, APPEAR FOR, AND COMPLETE AN EUO DICTATES THAT SUMMARY JUDGMENT BE GRANTED

As recognized by a leading California insurance treatise, "[o]nce requested, the insured's submission to an examination under oath becomes a condition precedent to the insurer's obligation to pay the claim." Croskey, Kaufman, et al., *Cal. Prac. Guide: Insurance Litigation* (Rutter 2006), ¶ 6:71. Because an insured cannot maintain an action for policy benefits unless it complies with the policy's terms and conditions, California law provides that an insured's refusal to appear for an EUO warrants summary judgment. In this regard, an insured's failure to

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

cooperate in the scheduling of an EUO is tantamount to a refusal.

In *Brizuela v. Calfarm Ins. Co.* (2004) 116 Cal.App.4th 578, the court recounted the factual and procedural history of the action, observing that the trial court granted summary judgment in favor of the insurer after the insured failed to appear for his EUO. There, the insured sued the insurer for breach of contract and for tortious bad faith breach of an insurance contract. The insurer filed a motion for summary judgment, and the trial court granted the motion. In so doing, the trial court concluded that the insured's attendance at an EUO requested by the insurer was a condition precedent to obtaining benefits under the policy; that the insured had the burden of satisfying a condition precedent to the insurance contract <u>before attempting to sue</u> on the contract; that the insured was obligated to attend the examination under oath the insurer had initially scheduled in June 1999; and that the insured's failure to attend the EUO <u>precluded his action on the contract</u>. The trial court ruled that the insured had no valid contract claim against the insurer and that absent a valid contract claim, the insured could not maintain a bad faith claim against the insurer. *Id.* at 585-586.

The Court of Appeal affirmed. The Court initially observed that the insurance policy issued to the insured imposed certain requirements on the insureds, including the duty to submit to an EUO. *Id.* at 587. As a contractual condition, compliance with an EUO was a prerequisite to suit. The Court noted that the insured ignored numerous requests to submit to an EUO. The Court explained that facts were undisputed that the insured failed to attend an EUO scheduled by the insurer in June 1999. The insured neither submitted nor agreed to submit to an EUO on any particular date at any time thereafter, notwithstanding the insurer's repeated requests over a six-month period that the insured make himself available for such an EUO. The insured did not respond in a timely manner to the insurer's proposal offering six alternative dates in December, 1999. *Id.* at 588-589.

The Court stated that the insured's failure to respond to the insurer's request to schedule an EUO was equivalent to a refusal. The Court explained that the insured's failure, six months after the insurer's initial request for the EUO, to propose any dates for an examination, to respond in a timely manner to the insurer's proposed dates, and to submit to an EUO constituted a refusal

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

to submit to an examination under oath. *Id.* at 589.

The Court accordingly held that the insured's claim for breach of contract was properly dismissed. Both the terms of the policy and the relevant case authority made clear that a claim for policy benefits may be denied as a consequence of failing to submit to a policy condition for an EUO. *Id.* at 590.

Likewise, the Court held that the absence of policy benefits being owed precluded the insured's action for bad faith. The Court concluded that absent any potential for coverage under an insurance policy, there can be no breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer and thus the trial court properly granted summary judgment on the cause of action for breach of the implied covenant of good faith and fair dealing. *Id.* at 594-595.

A similar result was reached in *California Fair Plan Assn. v. Superior Court* (2004) 115 Cal.App.4th 158 where the trustee of a certain piece of property filed suit against an insurer to recover policy benefits in connection with a vandalism loss. The insured (a different entity than the trustee) failed to respond to the insurer's demand for an EUO, whereupon the insurer moved for summary judgment on the grounds that the action was barred because the insured failed to comply with policy provisions and thus did not establish a right to bring suit. The trial court denied the motion but the Court of Appeal reversed.

The Appellate Court addressed the insured's repeated failure to appear for his EUO. In support of its motion for summary judgment, the insurer filed a separate statement of facts, which essentially was not disputed by [the trustee]. The evidence in support of the separate statement of facts was as follows: the insured filed a property claim with the insurer; the insurer's insurance adjusters requested the insured to provide documentation to show he had an insurable interest in the subject property, but the insured did not respond; the insurer's attorney mailed two written requests for the insured to submit to an EUO, as required by the insurer's insurance policy; not receiving any response, the insurer's attorney sent a third letter to the insured warning that failure to submit to the EUO would result in denial of his claim; still not receiving a response from the insured, the insurer's attorney mailed the insured a fourth letter notifying him that his claim was

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

denied. *Id.* at 166.

Noting that an EUO is a prerequisite to obtaining policy benefits, the Court held that the insured's failure to so attend dictated that the insurer's motion for summary judgment should have been granted. The Court found that the trustee's separate statement of undisputed material facts in opposition to the insurer's motion did not refute the evidence that the insured refused to submit to an EUO. Nor did the trustee's declaration, nor his attorney's declaration, both filed in opposition to the insurer's summary judgment motion, refute that the insured failed to submit to an EUO. The Court held that because an EUO is a condition precedent to suit on the policy, the trial court erred in denying summary judgment to the insurer. *Id.* at 167.

Both *Brizuela* and *California Fair Plan* relied on the California Supreme Court decision, *Hickman v. London Assurance Corp.* (1920) 184 Cal. 524. In *Hickman*, the insured and his employee were charged with arson, and while the charges against the insured were eventually dismissed, the employee was convicted of arson. The insurance policies provided that the insured shall submit to an EUO. *Id.* at 527. The insurers demanded that the insured submit to an EUO and although the insured appeared at the EUO, the insured refused to answer questions. The court observed that, because the demand for an EUO was made pursuant to the insurance policies, the insurers "had the right to demand compliance by respondent as often as required and the performance of such stipulation was a condition precedent to any right of action." *Id.* at 532.

The Court held that the insured's refusal to submit to an examination was unjustified and that by refusing to submit to an EUO, he forfeited the right for benefits under the policy. The Court explained that if the insured cannot bring himself within the terms and conditions of the policy he cannot recover. The terms of the policy constitute the measure of the insurer's liability. If it appears that the contract has been violated, and thus terminated by the insured, he cannot recover. He seeks to recover by reason of a contract, and he must show that he has complied with such contract on his part. *Id.* at 534.

California federal courts are in accord. In *Cook v. Allstate Ins. Co.* (C.D.Cal. 2004) 337 F.Supp.2d 1206, a fire damaged the insured's house and personal property. The insured submitted the loss to its insurer, which requested an EUO in accordance with the policy. The

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

court noted that the insurer originally set the EUO for May 28 and May 29, 2002, and due to the insured's nonappearance, rescheduled it for June 25 and June 27, July 30 and July 31, and, finally, August 19, 2002. *Id.* at 1212-1213. The insured failed to attend any of these sessions, whereupon the insurer moved for summary judgment.

Citing *Hickman* and *Brizuela,* the Court stated that, given that it is a condition precedent to the rendition of policy benefits, an insured's unexcused failure to appear for an EUO justifies the denial of policy benefits. The Court held that an insured's compliance with a policy requirement to submit to an EUO is a prerequisite to the right to receive benefits under the policy. Generally, in the absence of a reasonable excuse, ***when an insured fails to comply with the insurance policy provisions requiring an*** EUO ***and the production of documents, the breach generally results in a forfeiture of coverage***, thereby relieving the insurer of its liability to pay, and provides the insurer an absolute defense to an action on the policy. *Id.* at 1214 (emphasis added), citing *Brizuela, supra*, 116 Cal.App. 4th at 587-670, and *Hickman, supra*, 184 Cal. at 534. The Court concluded that the insureds could "not maintain a claim for breach of contract" and granted the insurer's motion for summary judgment. *Id.* at 1215.

Furthermore, ***an EUO and a pretrial deposition "serve vastly different purposes."*** The purpose of an EUO is to obtain information as part of the insurer's investigation of the insured's claim rather than for litigation. The procedures are also different, for an EUO is not subject to the Code of Civil Procedure, and the insured's counsel has no right to examine the insured. Also, unlike a deposition, in an EUO, the insured is obligated to volunteer relevant information. *Brizuela* at 592 (emphasis added).

Here, the Policy and California Insurance Code §2071 expressly confers on Empire Fire the right to take Mr. Chan's EUO. However, despite Empire Fire's repeated requests, Mr. Chan has refused to attend and complete his EUO. Indeed, Mr. Chan has failed to respond to multiple requests to schedule an EUO and has failed to produce the necessary documents to corroborate his claim.

For well over one year, Empire Fire attempted to take Mr. Chan's EUO from November 2007 to February 2009. Mr. Chan failed to respond to a majority of Empire Fire's letters

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

requesting that Mr. Chan cooperate in scheduling his EUO. Mr. Chan's failure to cooperate and respond to requests to schedule, appear for and complete an EUO is at least comparable to – if not more egregious than – the circumstances discussed in the foregoing cases wherein summary judgment was granted to the insurer.[2] An EUO is a condition precedent to Mr. Chan's procurement of benefits under the Empire Fire policy. By failing to cooperate in the scheduling, appear for and complete an EUO, Mr. Chan has breached the policy terms and conditions and has undermined Empire Fire's contractual right to ascertain the basis for and/or to corroborate his claim. California law is clear and dictates that Mr. Chan's refusal to appear for an EUO should result in summary judgment on behalf of Empire Fire.

## C. IN THE ABSENCE OF POLICY BENEFITS OWED, MR. CHAN CANNOT MAINTAIN A BAD FAITH ACTION

As noted by the cases in the preceding section, an insured which cannot state a cause of action for breach of contract due to its failure to appear for an EUO and complete an EUO similarly has no claim for bad faith. Given that an appearance at an EUO is a prerequisite to maintaining a cause of action for breach of contract and that a bad faith claim requires an underlying breach of policy benefits, the failure to appear for EUO vitiates the contractual obligation which is the predicate for a bad faith cause of action.

The seminal decision in *Love v. Fire Ins. Exch.* (1990) 221 Cal.App.3d 1136 explained that the implied covenant of good faith and fair dealing depended on the insurer's contractual obligation and did not exist if the insurer did not owe insurance benefits. *Id.* at 1153.

Relying on *Love,* the California Supreme Court confirmed that "because a contractual obligation is the underpinning of a bad faith claim, such a claim cannot be maintained unless policy benefits are due under the contract." *Waller v. Truck Ins. Exch., Inc.* (1995) 11 Cal.4th 1, 35. Reasoning that "the covenant is based on the contractual relationship between the insured and the insurer," the Court stated that the "conclusion that a bad faith claim cannot be maintained unless policy benefits are due is in accord with the policy in which the duty of good faith is firmly

---

[2] Indeed, *California Fair Plan* involved only three attempts to schedule an EUO (*California Fair Plan, supra*, 115 Cal.App.4th at 166), and *Cook* four (*Cook, supra*, 337 F.Supp.2d at 1212-1213).

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

rooted." *Id.* at 36.[3]

Here, Chan's repeated failure to schedule, appear for, and complete his EUO constitutes a breach of a condition precedent to obtaining insurance benefits from Empire Fire. As a result of Mr. Chan's breach, no contractual benefits are owed by Empire Fire. Without a contractual underpinning, there is no basis for bad faith. Accordingly, as expressly recognized in *Brizuela, supra*, 116 Cal.App.4th at 594-595 and *Cook, supra*, 337 F.Supp.2d at 1216-1217, Mr. Chan's failure to schedule, appear for and complete his EUO, in violation of the terms of the policy, precludes his bad faith claim against Empire Fire.

## IV. CONCLUSION

Empire Fire has a contractual right to demand Mr. Chan's EUO. Indeed, this is a condition precedent to obtaining policy benefits. Mr. Chan disregarded Empire Fire's repeated requests to schedule an EUO and failed to appear and complete his EUO. In view of the foregoing, California law dictates the dismissal of Mr. Chan's cause of action for breach of contract and/or bad faith breach of contract.

Dated: May 23, 2011

BISHOP | BARRY | DRATH

By: [signature]

Jonathan Gross
Elaine Videa
*Attorneys for Defendants*
Defendants EMPIRE FIRE AND MARINE INSURANCE COMPANY (erroneously sued herein as EMPIRE FIRE & MARINE INSURANCE COMPANY) and STERLING NATIONAL INSURANCE AGENCY, INC. (formerly known as ZC STERLING INSURANCE AGENCY, INC.)

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

---

[3] *See also, Amadeo v. Principal Mut. Life Ins. Co.* (9th Cir. (Cal.) 2002) 290 F.3d 1152, 1165 ("[U]nder California law, a breach of the obligations of the underlying contract is a sine qua non of a bad faith claim."); *see also, In re National Western Life Ins. Deferred Annuities Litigation* (S.D.Cal. 2006) 467 F.Supp.2d 1071, 1088 ("In California, an insurer cannot breach the duty of good faith and fair dealing unless benefits are due under the policy.")