United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLARENCE CHAN, | NO. C 10-02528 EJD |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |
| v. | |
| EMPIRE FIRE & MARINE INSURANCE COMPANY, ET AL., | |
| Defendants. | |

## I. INTRODUCTION

Presently before the Court are two matters: (1) Defendant Empire Fire and Marine Insurance Company's ("Empire Fire") Motion for Summary Judgment; and (2) Defendant Sterling National Insurance Agency, Inc.'s ("Sterling") Motion for Summary Judgment. Empire Fire and Sterling seek summary judgment on Plaintiff Clarence Chan's claims for bad faith breach of an insurance policy. Having reviewed the parties' submissions, the Court finds this matter appropriate for decision without oral argument. Civil L. R. 7-1(b). For the reasons described below, the Court grants Defendants' motions for summary judgment.[1]

## II. FACTUAL BACKGROUND

Plaintiff Clarence Chan brings a cause of action against Defendants Empire Fire, Sterling, and Zurich (an unknown entity) for bad faith breach of an insurance policy. Empire Fire issued

---

[1] This disposition is not designated for publication in the official reports.

1
NO. C 10-02528 EJD
ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

1  Homeowner's Policy ZHO169746-1 to Chan at his home, 8308 Jo Marcy Drive, Las Vegas, NV
2  89131.  (Williams Decl. at 3; Ex. 1 thereto.)

3  Chan alleges that the house was burglarized on or about May 7, 2007.  (Compl. at 2:22-24.)
4  He subsequently filed an insurance claim for the allegedly stolen property, claiming losses in the
5  amount of $90,000.  (Compl. at 3:4-8.)

6  Sterling, an agent for Empire Fire, handled Chan's claim on Empire Fire's behalf. (Williams
7  Decl. at 5.)  Sterling is not a party to the insurance policy. (Williams Decl. at 5; Ex. 1 thereto.)

8  Based on the initial investigation, Empire Fire advanced Chan nearly $10,000.  (Sikorski
9  Decl. at 8; Williams Decl. at 4.)  Mr. Chan has provided no evidence corroborating the existence
10 of the vast majority of items which he claimed were stolen.  Empire Fire found it necessary to
11 conduct an Examination Under Oath ("EUO") of Mr. Chan, due to his inability to corroborate
12 the approximately $90,000 worth of items of personal property in the residence at the time of the
13 alleged burglary. (Torio Decl. at 73.)

14 The Policy's COMMON POLICY CONDITIONS provide in part:

15 B.   Duties After Loss

16 In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:
…
5.   Cooperate with us in the investigation of a claim;

6.   Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. **Attach all bills, receipts, and related documents that justify the figures in the inventory;** [emphasis added]

7.   As often as we reasonably require:

   a.   Show the damaged property;

   b.   **Provide us with records and documents** we request and permit us to make copies; and [emphasis added]

   c.   **Submit to an examination under oath**, while not in the presence of another "insured", and sign the same; [emphasis added]

(Sikorski Decl. at 78, and Ex. I thereto.)

The sections quoted above give Empire Fire the contractual right to:

1) Demand corroboration for each item in the inventory of lost personal property;

2) Demand records and documents from the insured regarding the claim; and

3) Question the insured at an EUO about the claim.

(Id. at 79.)

Empire Fire's first request to Mr. Chan to take his EUO occurred on October 30, 2007. In a letter, Empire Fire requested that Mr. Chan appear for an EUO on November 7, 2007 about the topics that were the subject of his claim. (Videa Decl., Ex. 3.) In the letter, Empire Fire outlined a series of documents that Mr. Chan was to bring to the EUO in order for Empire Fire to evaluate the claim. (Videa Decl., Ex. 3.)

Mr. Chan appeared at the EUO; however, at the lunch break, Mr. Chan said that he would not return after lunch. (Videa Decl., Ex. 4 at 106:9-15.) In addition, Mr. Chan failed to produce the documents necessary to evaluate his claim. (Videa Decl., Ex. 4 at 12:3-9; 21:11-22:5; 22:23-23; 23:10-15.) Even before Mr. Chan terminated the EUO, he was uncooperative and refused to answer questions. (Id. at 30:10-22; 32:10-33:9.) Empire Fire notified Mr. Chan that his failure to complete the EUO would have adverse effects on his claim. (Id. at 9:24-10:6; 106:9-15; 106:20-107:6.) After the lunch break, counsel for Empire Fire waited for Mr. Chan but he did not return to the EUO. (Id. at 109:12-110:2.)

Although Mr. Chan walked out of the initial EUO, Empire Fire made a second attempt to give Mr. Chan an opportunity to continue with his EUO. On November 21, 2007, Empire Fire wrote to Mr. Chan seeking available dates for the continuation of his EUO and also seeking documents Mr. Chan had agreed to produce at the November 7, 2007 EUO. (Videa Decl., Ex. 5.)

Mr. Chan did not respond to Empire Fire's November 21, 2007 letter. (Videa Decl., Ex. 6.) Not having received a response, Empire Fire made a further attempt to schedule the EUO. On December 18, 2007, Empire Fire once again attempted to schedule the EUO, this time for January 3, 2008. Id.

On or about January 2, 2008, Empire Fire's counsel received a telephone call from counsel for Mr. Chan, Mr. Paul J. Smoot, notifying Empire Fire of his representation of Mr. Chan on the claim. (Videa Decl., Ex. 7, 8, 25 at 29:19-30:11.)

At that time, Mr. Smoot requested that Empire Fire reschedule the EUO for a more convenient date. (Videa Decl., Ex. 8, 25 at 30:12-31:5.) Empire Fire's counsel agreed to reschedule the EUO. (Videa Decl., Ex. 8, 25 at 29:19-30:11.)

Empire Fire continued its efforts to reschedule Mr. Chan's EUO by communicating with Mr. Chan's counsel. On January 16, 2008, Empire Fire wrote a letter to Mr. Smoot asking that Mr. Chan provide the previously requested documentation necessary to evaluate the claim, and sought available dates from Mr. Chan to schedule the continuation of the EUO. (Videa Decl., Ex. 8, 25 at 30:12-22.) Mr. Smoot did not respond to Empire Fire's January 16, 2008 letter. (Videa Decl., Ex. 9, 25 at 34:19-35:12.)

Empire Fire's efforts to reschedule the EUO continued. On February 5, 2008 Empire Fire again wrote to Mr. Smoot seeking the requested documentation and rescheduling the EUO for February 19, 2008. (Videa Decl., Ex. 9, 25 at 35:13-17.) On February 6, 2008, Mr. Smoot notified Empire Fire that Mr. Chan was unavailable on February 19, 2008. (Videa Decl., Ex. 10, 11, 25 at 35:22-36:2.)

On February 19, 2008 Empire Fire once again wrote to Mr. Smoot's office seeking to reschedule the EUO. There was no response to this letter. (Videa Decl., Ex. 11, 12, 25 at 37:4-23.) On March 10, 2008, Empire Fire persisted, writing again to Mr. Smoot seeking available dates to continue the EUO. (Videa Decl., Ex. 12, 25 at 38:13-24.)

It was not until March 31, 2008 that counsel for Empire Fire and Mr. Smoot agreed to reschedule the EUO for April 23, 2008. (Videa Decl., Ex. 13, 25 at 40:13-23.) On April 1, 2008, Empire Fire wrote to Mr. Smoot to confirm that the next EUO session was scheduled for April 23, 2008 and that Mr. Chan would be providing documents necessary to evaluate the claim. (Videa Decl., Ex. 13, 25 at 49:19-25.)

Although Mr. Chan's EUO started as scheduled on April 23, 2008, Mr. Chan continued to obstruct the examination. During the majority of this second session, Mr. Chan was reluctant to answer questions regarding the source of cash he claimed he used to buy many items. (Videa Decl., Ex. 14 at 190:7-191:2.) Thus, the April 23, 2008 session was adjourned early so that counsel for Mr. Chan could arrange for providing Empire Fire with the information requested. (Id. at 197:15-198:6.)

1   Empire Fire continued in its efforts to obtain the necessary information to evaluate Mr.
2   Chan's claim via documentation or an EUO, but there was no response to Empire Fire's
3   communications. On May 19, 2008, Empire Fire wrote to Mr. Smoot regarding the completion of
4   Mr. Chan's EUO. (Videa Decl., Ex. 15, 25 at 56:22-25.) On May 23, 2008, Empire Fire again wrote
5   to Mr. Smoot seeking earliest available dates for the continuation of the EUO. There was no
6   response to this letter. (Videa Decl., Ex. 16, 17, 25 at 57:5-8.)

7   On June 12, 2008, Empire Fire once again wrote to Mr. Smoot seeking to reschedule the
8   EUO. There was no response to this letter. (Videa Decl., Ex. 17, 25 at 57:14-17.)

9   Not having received any response to its letters, on or about July 11, 2008, Empire Fire
10  scheduled another session for August 5, 2008. (Videa Decl., Ex. 18, 25 at 58:16-19.) The morning
11  of August 5, 2008 counsel for Empire Fire received a telephone call from Mr. Smoot's office
12  canceling the EUO. (Videa Decl., Ex. 19, 25 at 61:15-22.) That same day, August 5, 2008, Empire
13  Fire wrote a letter to Mr. Smoot confirming that he had cancelled the EUO. (Videa Decl., Ex. 19.)
14  Empire Fire again advised in this letter that Mr. Chan's decision not to attend the EUO could have
15  adverse consequences for his insurance claim, including but not limited to a denial of the claim. Id.

16  On October 7, 2008, Mr. Smoot wrote a letter stating that the August 5, 2008 EUO had
17  been cancelled because Mr. Chan was not feeling well, and stated that any date after
18  November 7, 2008 would be appropriate for a continuance of the EUO. (Videa Decl., Ex. 20, 25 at
19  63:21-64:12.)

20  Empire Fire's efforts continued even after Mr. Chan cancelled his August 5, 2008 EUO.
21  On October 21, 2008, Empire Fire wrote a letter to Mr. Smoot asking for information regarding
22  Mr. Chan's claim. There was no response to this letter. (Videa Decl., Ex. 21, 22, 25 at 85:13-16.)

23  Empire Fire wrote to Mr. Smoot again on October 30, 2008 and November 19, 2008, seeking
24  to discuss this matter, but there was no response to this letter. (Videa Decl., Ex. 22, 23, 25 at 86:10-
25  12 and 86:17-87:8.) Not having received any response to its letters, Empire Fire again scheduled
26  another EUO session. On December 15, 2008, Empire Fire scheduled another session of the EUO
27  for January 5, 2009. Counsel for Empire Fire appeared at the EUO in San Mateo but there was no
28  appearance by Mr. Smoot or Mr. Chan. (Videa Decl., Ex. 24, 25 at 91:2-5.)

No communication from Mr. Smoot or Mr. Chan was received by Empire Fire regarding the January 5, 2009 EUO. (Videa Decl., ¶ 28.) Mr. Chan admits to having failed to provide Empire Fire with the documents requested,[2] including, but not limited to:

- his 2004-2006 tax returns
- documents reflecting gambling winnings or losses
- personal bank statements
- credit card statements, and
- documents regarding property damage to the alleged residence.

(Videa Decl., Ex. 26.)

In addition, Mr. Chan admits that he:

- failed to complete his EUO as requested by Empire Fire
- failed to return to the November 7, 2007 EUO after the lunch break, and
- failed to answer questions regarding the source of cash he claimed was used to buy various items during the April 23, 2008 EUO.

Id. Empire Fire spent over a year trying to schedule Mr. Chan's EUO and related documents without any cooperation from Mr. Chan.

On February 6, 2009, Empire Fire finally denied the claim and stated two reasons. First, Chan failed to produce requested relevant documentation. (Williams Decl. at 6; Ex. 2 thereto.) Second, Chan did not, as required under Empire Fire's insurance policy, complete an examination under oath. (Id.) Chan's compliance with this requirement is a condition precedent to obtaining policy benefits. (Williams Decl. at 6; Ex. 1 thereto; Torio Decl. at 3.)

On February 3, 2010, Chan filed this action, claiming "bad faith breach of contract." (Compl. at 1.) On February 18, 2011, Defendant Sterling filed a Motion for Summary Judgment. (Docket Item No. 30.) On May 23, 2011, Defendant Empire Fire also filed a Motion for Summary Judgment. (Docket Item No. 38.) Plaintiff filed no opposition to either summary judgment motion.

---

[2] Mr. Chan failed to respond to these requests and are thus deemed admitted. Under FRCP 36(a)(3), failure to timely respond to Requests for Admission results in an automatic admission of the matters requested. Smith v. Pac. Bell Tel. Co., 662 F. Supp. 2d 1199, 1229 (2009.)

## III. LEGAL STANDARD

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the Court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden shifts to the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 324. To meet this burden, the non-moving party must come forward with admissible evidence. Fed. R. Civ. P. 56(c); see also, Hal Roach Studios, Inc. v. Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

## IV. DISCUSSION

### A. Sterling's Motion for Summary Judgment

Sterling moves for summary judgment on the ground that Plaintiff cannot maintain a breach of contract or bad faith claim against it, because Sterling was not a party to the insurance contract at issue. (Mot. at 3.)

As a general matter, a non-party, or nonsignatory, to a contract is not liable for a breach of that contract. See e.g., Britton v.. Co-op Banking Grp., 4 F.3d 742, 744 (9th Cir.1993) (noting that a "contractual right may not be invoked by one who is not a party to the agreement"); Henry v. Assoc. Indem. Corp., 217 Cal. App. 3d 1405, 1416-17 (1990) (determining that where "[t]here was no direct contractual relationship between [the parties]," there was no basis from which "a breach of contract action could properly spring . . . ." (citing Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566 (1973))); Egan v. Mut. of Omaha Ins. Co., 24 Cal. 3d 809, 824 (1979) (concluding that, when two insurance agents who were not parties to an insurance contract were sued for a breach of the covenant of good faith and fair dealing on that contract, "[b]ecause the only ground for imposing liability on either [agent] is breach of that promise, the judgments against them as individuals cannot stand . . . ."). See also Tri-Continent Int'l Corp. v. Paris Sav. and Loan Ass'n, 12 Cal. App. 4th

1354, 1359 (1993); Jones v. Aetna Cas. and Sur. Co., 26 Cal. App. 4th 1717 (1994); accord, Pitegoff v. Rocky Mt. Hosp. & Med. Serv., 2008 U.S. Dist. LEXIS 26349 (D. Nev. Mar. 19, 2008) (citing Gunny v. Allstate Ins. Co., 108 Nev. 344, 830 P.2d 1335, 1335-36 (Nev. 1992); United Fire Ins. Co. v. McClelland, 105 Nev. 504, 780 P.2d 193, 197 (Nev. 1989).

Sterling presents evidence that Empire Fire issued the insurance policy, and the policy was between Empire Fire and Plaintiff only. Under these circumstances, Plaintiff cannot assert a valid claim against Sterling for breach of contract or bad faith because Sterling was not a party to the contract. By this evidence, Sterling demonstrates the absence of a triable issue of material fact as to Plaintiff's claims against it.

Plaintiff did not oppose Sterling's summary judgment motion and offered nothing to counter any evidence presented by Sterling. Therefore, there is no genuine dispute of material fact as to Plaintiff's claims against Sterling for breach of contract or bad faith. Accordingly, the Court GRANTS Sterling's Motion for Summary Judgment.

### B. **Empire Fire's Motion for Summary Judgment**

Defendant Empire Fire moves for summary judgment on the basis that Mr. Chan failed to comply with the terms and conditions of the Empire Fire insurance policy, including the obligation to submit to an examination under oath. (Mot. at 4-5.) According to Defendant, Mr. Chan's failure to comply with this contractual precedent precludes Mr. Chan's right to policy benefits and therefore entitles Empire Fire to summary judgment on Mr. Chan's claims for breach of contract and bad faith. Id.

    1. Breach of Contract

"An insured's compliance with a policy requirement to submit to an examination under oath is a prerequisite to the right to receive benefits under the policy." Brizuela v. CalFarm Ins. Co., 116 Cal. App. 4th 578, 587, 10 Cal. Rptr. 3d 661 (2004), citing Hickman v. London Assurance Corp., 184 Cal. 524, 534, 195 P. 45 (1920) (insured's refusal to submit to an examination was not justified and therefore the insured forfeited the rights to benefits under the policy). "Generally, in the absence of a reasonable excuse, when an insured fails to comply with the insurance policy provisions requiring an examination under oath and the production of documents, the breach

generally results in a forfeiture of coverage, thereby relieving the insurer of its liability to pay, and provides the insurer an absolute defense to an action on the policy." Brizuela, 116 Cal. App. 4th at 670, 10 Cal. Rptr. 3d 661 (citation omitted).  The reasonableness of an insurer's conduct in processing a claim is "a question of law appropriate for determination on motion for summary judgment when only one conclusion about the conduct's reasonableness is possible." West v. State Farm Fire and Cas. Co., 868 F.2d 348, 351 (1988).

Empire Fire contends that it is entitled to summary judgment as a matter of law because Mr. Chan failed to appear at or complete four scheduled EUOs.[3]  It is undisputed that the policy imposed certain requirements on Mr. Chan, including the duty to submit to an examination under oath ("EUO").  The policy also imposed upon Mr. Chan the separate requirement to "[c]ooperate with us in the investigation of a claim."

Empire Fire presents uncontroverted evidence that, despite its repeated requests, Mr. Chan refused to attend and complete his EUO.  For well over one year, Empire Fire attempted to take Mr. Chan's EUO.  Mr. Chan failed to respond to a majority of Empire Fire's letters requesting that he cooperate in scheduling his EUO.  Given that it is a condition precedent to the rendition of policy benefits, Mr. Chan's unexcused failure to appear for an EUO justifies Empire Fire's denial of policy benefits.  Mr. Chan has presented no evidence to support his allegation that Empire Fire breached its insurance contract.  Thus, Mr. Chan cannot maintain a claim for breach of contract.  Accordingly, Empire Fire's Motion for Summary Judgment on this claim is granted.

2. Bad Faith - Breach of Implied Covenant of Good Faith and Fair Dealing

Mr. Chan asserts a cause of action for tortious breach of the implied covenant of good faith and fair dealing.  Mr. Chan contends that Empire Fire's refusal to pay for his losses was in bad faith.

Under California law, an insurer cannot breach the duty of good faith and fair dealing unless benefits are due under the policy.  In re National Western Life Ins. Deferred Annuities Litigation,

---

[3]   Mr. Chan's EUO was scheduled to take place on four different occasions: November 7, 2007; April 23, 2008; August 5, 2008; and January 5, 2009. Mr. Chan left the first session after a couple of hours and refused to answer questions regarding his claim. During the second session he was again reluctant to answer questions and the EUO was adjourned early by mutual agreement. Mr. Chan failed to appear at the next two sessions.

467 F. Supp. 2d 1071, 1088 (S.D. Cal. 2006); Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1165 (9th Cir. 2002) (in California, "a breach of the obligations of the underlying contract is a *sine qua non* of a bad faith claim"); Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 36 (1995) (the covenant of good faith and fair dealing is based on the contractual relationship between the insured and the insurer); Love v. Fire Ins. Exch., 221 Cal. App. 3d 1136, 1153 (1990) (the implied covenant of good faith and fair dealing depends on the insurer's contractual obligation, which does not exist if the insurer does not owe insurance benefits).

Because a contractual obligation is the underpinning of a bad faith claim, Mr. Chan cannot maintain such a claim unless policy benefits are due under the contract. As discussed herein, Mr. Chan cannot maintain a claim for breach of contract. Without a contractual underpinning, Mr. Chan has no basis for a bad faith claim. Accordingly, Empire Fire's motion for summary judgment on this claim is granted.

## V. ORDER

For the foregoing reasons, the Court:

1) GRANTS Defendant Sterling's Motion for Summary Judgment; and

2) GRANTS Defendant Empire Fire's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated: July 29, 2011

EDWARD J. DAVILA
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Clarence Chan
3195 Alexis Drive
Palo Alto, CA 94303

| | |
|---|---|
| **Dated:  July 29, 2011** | **Richard W. Wieking, Clerk** |
| | **By:    /s/ EJD Chambers** |
| | **Elizabeth Garcia** |
| | **Courtroom Deputy** |

NO. C 10-02528 EJD
ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT